# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | |
|---|---|
| THE UNITED STATES OF AMERICA | * |
| v. | *     Case No.: PWG-11-cr-157 |
| NATHAN A. SILLA | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending in Nathan A. Silla's Motion for Relief from Judgment and Order pursuant to Federal Rules of Civil Procedure 60(b)(1) and (3), in which he argues that the Court, in denying his motion to vacate under 28 U.S.C. § 2255, failed to reach the merits of the claims he raised. ECF No. 372. Because the motion is untimely, I will deny it.

## Background

After two days of trial, Mr. Silla entered into a plea agreement on April 26, 2012, ECF Nos. 181, 184, 185, and one week later moved to withdraw his plea, ECF No. 189. He filed a supplemental motion to withdraw his guilty plea on December 19, 2012. ECF No. 248. The Court held a motions hearing on February 4, 2013, denied the motions, and sentenced Mr. Silla to 144 months' imprisonment that same day, ECF Nos. 264, 272.

Mr. Silla appealed on February 7, 2013, ECF No. 274, and then filed a motion to vacate under 28 U.S.C. § 2255 on April 5, 2013, ECF No. 281, which this Court dismissed as premature given that the appeal was pending, ECF No. 284. The Fourth Circuit affirmed this Court's judgment on November 8, 2013, ECF No. 303, and Silla filed a § 2255 motion to vacate, ECF No. 333, which I denied, ECF No. 358. Silla appealed that Order as well, ECF No. 359, and the

Fourth Circuit dismissed the appeal, ECF No. 362, and denied his petition for rehearing en banc, ECF No. 364. He petitioned the Supreme Court for writ of certiorari, ECF No. 366, which the Supreme Court likewise denied, ECF No. 368. He then filed a Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(b)(1) and (3), ECF No. 372, which now is pending.

## Defendant's Arguments

According to Mr. Silla, he signed the plea agreement while his judgment was compromised by the effects of his prescription medications. Def.'s Mem. 1–5, ECF No. 372-1. In his view, "the Court failed to Order a mental competency hearing and evaluation" prior to sentencing, and "the prosecutor lured the defendant into participating in a plea agreement when defendant's mental state and judgment [were] impaired by the psyche [sic] medication." *Id.* at 1. Mr. Silla also asserts that "trial counsel provided ineffective assistance of counsel for knowingly permitting the defendant to sign a plea agreement with the government when trial counsel had argued in Court moments earlier that the trial proceedings be halted to permit the defendant to seek medical evaluation which was granted by the Court." *Id.*

He now argues that "the district court failed to reach the merits of the §2255 claims, and completely overlooked or skipped one of Defendant's 'Grounds' for Habeas relief regarding the mental health medication taken by the defendant." Def.'s Mot. 1. In his view, "the district court failed to reach all reasonable inferences as to the defendant's state of mind, mental changes, and mental competency at the time of the signing of the plea agreement, and also at the Rule 11 plea colloquy hearing." *Id.* Noting that the trial court "failed to conduct an evidentiary hearing to address its failure to 'Order Competency' hearings, and 'mental health' evaluations prior to entering the plea and before accepting the defendant's plea," Mr. Silla insists that, when

2

considering his § 2255 motion, the Court "failed to resolve all issues averred in the § 2255 Motion." *Id.*

## **Standard of Review**

Plaintiff moves pursuant to Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure. Def.'s Mot. 1; Def.'s Mem. 10–11. Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect" or "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). The rule limits the time in which a party may seek such relief: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) *no more than a year after the entry of the judgment or order* or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). With regard to subsection (b)(1), this time limit is strictly enforced. *See Mizrach v. United States*, No. WDQ-11-1153, 2015 WL 7012658, at *4 (D. Md. Nov. 12, 2015) ("[I]n no instance may a district court grant relief under Rule 60(b)(1) when more than one year has lapsed since it issued its final judgment or order."), *aff'd*, 678 F. App'x 179 (4th Cir. 2017), *cert. denied*, No. 17-246, 2017 WL 3536420 (U.S. Oct. 16, 2017), and *aff'd*, 678 F. App'x 179 (4th Cir. 2017), and *cert. denied*, No. 17-246, 2017 WL 3536420 (U.S. Oct. 16, 2017). Therefore, "[a] movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *United States v. Johnson*, 668 F. App'x 450, 451 (4th Cir. 2016) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted)).

3

## Discussion

As noted, I denied Mr. Silla's § 2255 motion on April 12, 2016. His pending motion, dated October 10, 2017, but not mailed until October 18, 2017, and then received in this Court via priority mail on October 20, 2017, ECF No. 372-7, was eighteen months—well over a year—after the April 12, 2016 Order. Certainly, in the interim, he promptly sought appellate review, but the Fourth Circuit issued its mandate on December 27, 2016, and Mr. Silla waited three months before seeking certiorari from the Supreme Court on March 20, 2017. Then, after the Supreme Court denied his petition, he waited almost five months before filing the pending motion. Thus, even if I considered his motion under Rule 60(b)(6), which provides for relief for "any other reason that justifies relief," and simply requires that the motion "be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), his eighteen month delay while he sought appellate relief, including a three month delay after the Fourth Circuit mandate and a five-month delay after the Supreme Court denied his petition, unaccompanied by any explanation for either delay, is not reasonable. *See Ibida v. Gates*, No. PWG-10-3337, 2015 WL 12641689, at *1 (D. Md. Jan. 6, 2015) ("A twenty-month delay, during which the Court denied Plaintiff's first Rule 60(b) motion and the Fourth Circuit dismissed Plaintiff's appeal, is not reasonable (nor has Plaintiff offered any explanation why he filed his motion so belatedly).").

Moreover, "the arguments he asserts in his ... Rule 60(b) Motion could have been asserted on direct appeal," and when "'the reason asserted for the Rule 60(b) ... motion could have been addressed on appeal from the judgment, [the Fourth Circuit has] denied the motion as merely an inappropriate substitute for an appeal.'" *United States v. Hicks*, No. ELH-98-259,

2013 WL 1726399, at *13 (D. Md. Apr. 19, 2013) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir.2011) (en banc)). Accordingly, Mr. Silla's motion is denied.[1]

I decline to issue a certificate of appealability because Mr. Silla has not made a "substantial showing of the denial of a constitutional right."[2]

## ORDER

Accordingly, it is, this 6th day of November, 2017, hereby ORDERED that

1. Defendant's Motion for Relief, ECF No. 372, IS DENIED;

2. A Certificate of Appealability WILL NOT ISSUE; and

3. The Clerk SHALL PROVIDE a copy of this Order to Mr. Silla.

/S/
Paul W. Grimm
United States District Judge

lyb

---

[1] I also note that, if the Rule 60(b) motion were properly before me, it would not be meritorious. As noted, Mr. Silla contends that the Court failed to reach his arguments with regard to the trial court's failures, as opposed to ineffective assistance of counsel. Def.'s Mot. 1. But, the four grounds raised in his § 2255 motion all pertained to ineffective assistance of counsel. *See* § 2255 Mot. 4, 5, 7, 8 ("Ineffective assistance of Criminal Counsel for failing to present the violation of Rule 11 on direct appeal"; "Ineffective assistance of counsel for advising Petitioner to enter into a plea of guilty without investigation of the case"; "Ineffective assistance of counsel in failing to file certiorari to the Supreme Court"; "Ineffective assistance of counsel in the ambush to enter a plea within 24 hours of stoppage of Doxepin medication"). Thus, he did not present any other grounds for the Court to consider. *See id.*

[2] When a district court dismisses a § 2255 motion solely on procedural grounds, "[a] certificate of appealability will not issue absent 'a substantial showing of the denial of a constitutional right.'" *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). To make this showing, Defendant must "demonstrate[e] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong *and that any dispositive procedural ruling by the district court is likewise debatable.*" *Id.* (emphasis added); *see Slack v. Daniel*, 529 U.S. 473, 484 (2000). Denial of a certificate of appealability in the district court does not preclude Defendant from requesting a certificate of appealability from the appellate court.